Argued and submitted August 6, affirmed October 27, 2010, petition for review
denied April 7, 2011 (350 Or 230)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEFFREY ERIC CLARK,
*Defendant-Appellant.*

Beaverton Municipal Court
UC7342511; A140310

242 P3d 663

Richard E. Oberdorfer argued the cause for appellant. With him on the brief was Oberdorfer Law Firm LLC.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant, who entered a conditional plea of guilty, ORS 135.335, for driving while suspended (DWS), ORS 811.182, appeals from the resulting judgment, assigning error to the trial court's denial of his motion to suppress "the results of the random police search of his Motor Vehicle Records." In light of our recent decision in *State v. Davis*, 237 Or App 351, 239 P3d 1002 (2010), we reject defendant's contention that the officer violated Article I, section 9, of the Oregon Constitution[1] and the Due Process Clause of the Fourteenth Amendment to the United States Constitution[2] when he accessed defendant's Department of Transportation, Driver and Motor Vehicle Services Division (DMV) records. Further, we conclude that defendant's contention that the officer's examination of the DMV records resulted in a " 'haphazard' application of the law in violation of Article I, section 20," of the Oregon Constitution[3] is unreviewable because it was not preserved before the trial court. Accordingly, we affirm.

At the hearing concerning the motion to suppress, the parties essentially stipulated to the following facts from the police report: On April 23, 2008, Jones, the police officer who cited defendant, "saw a white male adult, later identified as [defendant], driving a Red 1994 Nissan 300ZX, * * * south on SW Murray Blvd near the intersection of SW Scholls Ferry Rd" in Beaverton. Jones checked the vehicle's "plate through DMV and found [defendant] listed as the only registered owner. DMV records showed [defendant] was DWS-Misdemeanor." Jones determined that defendant's gender and age were consistent with the information that he had obtained from DMV. After stopping and arresting defendant, Jones issued him a citation for DWS and released him.

---

[1] Article I, section 9, provides, in part, that "[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

[2] The Due Process Clause provides that "[n]o State shall * * * deprive any person of life, liberty, or property, without due process of law[.]"

[3] Article, I, section 20, provides that "[n]o law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

In his motion to suppress before the trial court, defendant generally "challenge[d] the reasonableness of the stop and move[d] to suppress its fruits[.]" Specifically, defendant contended that ORS 802.177,[4] "create[d] liberty and privacy interests" for Oregon drivers.[5] According to defendant, because Jones violated ORS 802.177 when he accessed defendant's DMV records, Jones's search of those records was unlawful under, *inter alia*, Article I, section 9, and the Due Process Clause, which protects him against arbitrary government action. In conclusion, defendant stated:

> "[H]ad defendant committed a traffic violation, [Jones] would likely have developed grounds to undertake a search of defendant's vehicle's DMV 'motor vehicle record' for purposes of identification and issuance of a citation. However, in the absence of such a justification, what we have is simply an arbitrary search. Arbitrariness is the opposite of reasonableness."

After the court denied defendant's motion to suppress, he entered a guilty plea reserving, in writing, the right to appeal the court's ruling on that motion. ORS 135.335(3).[6] This appeal ultimately followed.

On appeal, defendant renews the contentions that he raised to the trial court. In addition, defendant contends

---

[4] ORS 802.177 provides that, "[e]xcept as otherwise provided in ORS 802.179, neither the Department of Transportation nor any officer, employee or contractor of the department may knowingly disclose or otherwise make available to any person personal information about an individual that is obtained by the department in connection with a motor vehicle record." In turn, ORS 802.179(1) provides, as pertinent to this case, that "[t]he Department of Transportation, upon request or as required by law, shall disclose personal information from a motor vehicle record to a government agency for use in carrying out its governmental functions."

[5] Defendant also relied below, as he does on appeal, on ORS 181.575. That statute prohibits certain law enforcement agencies from collecting or maintaining "information about the *political, religious or social views, associations or activities of any individual* * * * unless such information directly relates to an investigation of criminal activities, and there are reasonable grounds to suspect the subject of the information is or may be involved in criminal conduct." (Emphasis added.) ORS 181.575 is inapplicable to the circumstances of this case.

[6] ORS 135.335(3) provides:

> "With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."

that "[t]he random police search result[ed] in a 'haphazard' application of the law in violation of Article I, section 20."

■ The state counters that Jones did not violate defendant's privacy or due process rights by accessing defendant's DMV records. Further, the state asserts that defendant did not preserve his Article I, section 20, challenge and that, even if he had, the officer did not violate that constitutional provision when he accessed defendant's DMV records. For reasons that we will explain, we agree with the state.

With regard to defendant's contentions concerning his privacy and due process rights, our recent decision in *Davis*, which we issued after this case was briefed and argued, is dispositive.[7] In *Davis*, the defendant was convicted for DWS after a sheriff's "deputy randomly accessed [the] defendant's driving records" and learned that "his license had been suspended." 237 Or App at 353. We held that the "defendant [did] not have an inherent privacy interest in his driving records" where the "defendant's driver's license and car registration records were created by the state for its own purposes" and "the state has created an electronic system that allows authorized agencies and government entities to access the driving records of individuals and vehicles." *Id.* at 356-57. We also held that, because the deputy accessed the defendant's DMV records "consistently with his governmental function of investigating to detect illegal activity," there was no violation of ORS 802.177. *Id.* at 358. Accordingly, because the deputy had not invaded the defendant's privacy interest, we concluded that there was no search under Article I, section 9. *Id.*

Here, for the same reasons expressed in *Davis*, we reject defendant's contention that he has an inherent privacy interest in his DMV records such that the officer's conduct violated Article I, section 9, when he accessed those records. Further, defendant's contention that "[t]he random police

_____

[7] Our decision in *Davis* consists of three opinions because of differing views concerning the defendant's Article I, section 20, challenge. However, all members of the court agreed with the lead opinion's conclusion that, when the officer accessed the DMV records, he did not violate Article I, section 9. For that reason, our references to *Davis* are to the Article I, section 9, analysis in the lead opinion in that case.

search violated [ORS 802.177], and thus ran afoul of both Article I, section 9, and the U.S. Constitution's Due Process Guarantee" also fails. As we noted in *Davis*, an officer does not violate ORS 802.177 if he or she accesses DMV records consistently with the governmental function of investigating to detect illegal activity. Here, in accessing defendant's records and then stopping and citing defendant based on the information so elicited, Jones acted consistently with the governmental function of investigating to detect illegal activity when he accessed defendant's DMV records.

■■ Having rejected defendant's due process and Article I, section 9, challenges, we turn to defendant's final contention that the "random police search result[ed] in a 'haphazard' application of the law in violation of Article I, section 20." Generally, "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]" ORAP 5.45(1). In *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008), the Supreme Court explained that "[w]hat is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court."

Here, defendant acknowledges that he did not specifically refer to Article I, section 20, in the trial court. Nevertheless, defendant contends that he preserved the issue because "[t]he record would not have developed differently below because Article I, section 9 review includes questions of officer discretion and *ad hoc* decision-making—the crux of the section 20 claim" and "[t]he question of reasonableness versus arbitrariness was before the trial court."

Although defendant is correct that, in his written motion, he mentioned the concept of "arbitrary" government action, he did so in the context of his Article I, section 9, and due process challenges. As the state notes on appeal, however, "defendant did not cite Article I, section 20," and he did not "rely on Article I, section 20, case law or make an argument under that provision." Under those circumstances in which the prosecutor and the trial court were not sufficiently

apprised that defendant was raising an Article I, section 20, challenge, defendant failed to preserve it. Accordingly, we decline to review whether Jones violated Article I, section 20, when he accessed defendant's DMV records.[8]

Affirmed.

---

[8] In *Davis*, we addressed the defendant's contention that "the deputy's investigation of [the defendant's] driving records violated Article I, section 20," and the lead opinion concluded that, under the circumstances of that case, the defendant was not "denied any privilege or immunity on the same terms as other citizens—the benchmark of Article I, section 20." 237 Or App at 358, 361 (Wollheim, J., lead opinion). Two judges concurred in that result on the grounds that "no law * * * creates or regulates a privilege or immunity to be free from license plate scrutiny." 237 Or App at 364 (Sercombe, J., concurring). Four judges dissented, reasoning that the deputy's conduct violated Article I, section 20. 237 Or App at 375 (Schuman, J., dissenting). In light of *Davis*, we note, parenthetically, that, if defendant had invoked Article I, section 20, before the trial court, there is, at least, an appreciable prospect that the state would have adduced evidence as to any practices or standards that Jones adhered to with respect to checking the license plate information.